IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNET PIPELINE, INC. | : | CIVIL ACTION |
| v. | : | |
| APLIFI, INC. | : | NO. 10-6089 |

MEMORANDUM

Bartle, J.                                                                December 6, 2011

      Plaintiff Internet Pipeline, Inc. ("iPipeline") filed this action against the defendant Aplifi, Inc. ("Aplifi") for infringement of U.S. Patent No. 7,689,444 entitled "Electronic Insurance Application Fulfillment System and Method." A number of months after instituting suit, iPipeline moved to dismiss its own complaint as well as Aplifi's counterclaim for lack of subject matter jurisdiction because of a covenant not to sue that iPipeline had transmitted to Aplifi. The court granted the motion with a Memorandum and Order dated September 29, 2011.

      On October 31, 2011, Aplifi filed a motion for a finding that this patent infringement action was "an exceptional case" under 35 U.S.C. § 285 and that Aplifi, as the prevailing party, is therefore entitled to attorney fees.[1] iPipeline then countered with a motion to strike Aplifi's pending motion as being out of time.

---

1. Title 35 U.S.C. § 285 provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure provides that a motion for attorney's fees "must be filed no later than 14 days after the entry of judgment ...." Aplifi's motion, as noted above, was not filed until October 31, 2011 which was 32 days after the court entered its Order dismissing the action.

Under Rule 6(b)(1) the court may grant extensions of time under certain circumstances. It provides:

> (1) ... When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Aplifi did not file a motion denominated as such for an extension of time. Instead, it relies on a letter to the court from its counsel dated and faxed on October 13, 2011 which reads in relevant part:

> On September 29, Your Honor entered an Order dismissing all claims; however, in Your Honor's Memorandum of the same date, Your Honor noted that such dismissal does not prevent Aplifi from filing a motion for attorneys' fees under 35 U.S.C. § 285.
>
> We are writing to advise Your Honor that Aplifi intends to file such a motion on or before October 31, 2011. Absent any scheduling order, Aplifi was uncertain as to the deadline for filing. If Your Honor desires a different schedule, we would be

>willing to discuss scheduling with the Court or meet any deadline ordered by Your Honor.

Aplifi maintains that this letter constitutes de facto compliance with Rule 6(b). Although it was submitted before the original time for filing its fee motion had expired, it does not ask the court to grant an extension but simply advises the court that it "intends to file such a motion on or before October 31, 2011." In addition, it does not set forth any basis on which the court could determine whether good cause exists for the extension of time.

In <u>IPXL Holdings, LLC v. Amazon.com, Inc.</u>, 43 F.3d 1377 (Fed. Cir. 2005), the District Court entered judgment in a patent infringement action in favor of defendant Amazon on August 27, 2004. On September 13, 2004, more than 14 days later, Amazon filed a motion for attorney's fees under 35 U.S.C. § 285. IPXL Holdings argued that the motion was untimely. The District Court decided that even if the motion was out of time under Rule 54, it had discretion to consider it. The Court of Appeals for the Federal Circuit disagreed. It explained that Amazon had never filed a motion for enlargement of time and had never asserted excusable neglect under Rule 6(b)(1)(B). The court concluded:

>... we hold that any claim to attorney fees must be processed in compliance with Rule 54(d)(2)(B). No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B).
>
>The district court's holding that section 285 itself can support an award of attorney fees

>      without regard to when the relief is
>      requested is legally incorrect.  Further, in
>      this case, the 14-day rule of Rule 54 was
>      breached, and Amazon took no steps under Rule
>      6(b)(2) that could have afforded the district
>      court a basis upon which to exercise
>      discretion to enlarge the 14-day time period
>      ...."

Here, Aplifi did not comply with Rule 54(d)(2)(B).  It failed to file its motion under 35 U.S.C. § 285 no later than 14 days after the court's dismissal order of September 29, 2011.  Nor did Aplifi within the 14 day period make a request under Rule 6(b)(1)(A), with or without a motion, for an extension of time grounded on good cause or make a motion under Rule 6(b)(1)(B) seeking an extension based on excusable neglect after the expiration of the 14 days.  Unfortunately, the October 13, 2011 letter from Aplifi's counsel to the court does not comply with Rule 6(b).  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-98 (1990).  It simply does not request an extension of time and in any event does not provide any basis for the court to grant an extension for good cause.

   The Federal Circuit requires strict adherence to Rule 54(d)(2)(B) as tempered by Rule 6(b).  This did not occur here.  Consequently, we have no choice but to grant the motion of iPipeline to strike as time barred the motion of Aplifi for a finding that this patent infringement action was an exceptional case under 35 U.S.C. § 285 and that Aplifi, as the prevailing party, is entitled to attorney fees.